UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| DORCAS D. CRAWFORD, <br><br> Plaintiff, <br><br> v. <br><br> MRS BPO, LLC, <br><br> Defendant. | CIVIL ACTION <br><br> COMPLAINT 3:23-cv-00201 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** DORCAS D. CRAWFORD ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, MRS BPO, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et. seq.* and violation of the Texas Debt Collection Practices Act ("TDCA"), Tex. Fin. Code Ann. §392 *et. seq.*

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's TDCA claim.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Western District of Texas and Defendant conducts business in the Western District of Texas, and

1

a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Texas.

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant is a collection agency located at 1930 Olney Ave. Cherry Hill, New Jersey 08003. Defendant regularly collects defaulted debts from consumers located in Texas.

6. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as its principal business purpose is the collection of defaulted debts owed to others.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

8. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 9725.

9. Beginning in April 2023, Defendant began sending collection text messages to Plaintiff attempting to collect on a subject account owed to Verizon Wireless ("subject account").

10. Specifically, Defendant's text messages read: "Please contact MRS BPO, LLC at (855) 847-0658 regarding a debt for Verizon Wireless. MRS is a debt collector. If you want to opt out of future text messages reply with STOP."

11. At no point in time did Plaintiff have an account with Verizon Wireless or otherwise had any business relationship with Verizon Wireless.

12. On April 7, 2023, Plaintiff responded "Stop" in hopes to cease Defendant's collection efforts.

13. Unfortunately, Defendant doubled down on its collection efforts and continued to send Plaintiff unwanted collection text messages to collect a debt not owed.

14. At no time in any of the text messages did Defendant state it was communicating with Plaintiff for the purpose of acquiring location information.

15. Upon information and belief, Defendant continued its text messages in order to collect the subject account from Plaintiff.

16. Eventually, Plaintiff placed an outgoing call to Defendant to inquire the reason for its continued text messages.

17. Defendant explained during the call that it was attempting to contact Vincent A. Stewart, Plaintiff's Boyfriend, to collect the subject account.

18. Furthermore, Defendant alleged that Plaintiff cellular number ending in 9725 was in fact the best contact number to reach Vincent A. Stewart.

19. Plaintiff informed Defendant that they were contacting the wrong party and again requested all communications to cease.

20. Defendant acted intentionally when it contacted Plaintiff and disclosed the subject account in a blatant attempt to harass, abuse, and dragoon Plaintiff into making an immediate payment on the subject account, a debt in which she did not owe.

21. Unfortunately, Defendant continued attempting to collect the alleged subject account despite knowing that it was contacting the incorrect party.

22. Plaintiff felt extremely worried that there could be negative consequences if she did not pay the debt, even though she knew she did not owe the alleged subject account.

23. Defendant's misleading conduct has severely disrupted Plaintiff's daily life and general well-being as Plaintiff constantly feared serious consequences.

24. Concerned about the violations of her rights, Plaintiff was forced to seek the assistance of counsel to file this action to prevent Defendant from further deception in the future, thus incurring costs and expenses.

### COUNT I – DEFENDANT'S VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

27. The alleged subject account in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

28. Defendant is a "debt collector" as defined by §1692a(6) because its primary business purpose is to collect defaulted debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

29. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects defaulted debts owed or asserted to be owed or due to another.

30. Defendant used the mail to collect the alleged debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

31. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), e, e(2), e(10), and f through its unlawful collection practices.

### a. Violations of FDCPA § 1692c

32. Defendant violated §1692c(a)(1) when it continuously texted Plaintiff after being notified to stop and that she was not the correct person Defendant was attempting to contact. This repeated behavior of continuously and systematically texting Plaintiff's cellphone after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop contacting her and that she was not the correct person Defendant was seeking, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying a debt that she did not legally owe as it belonged to another individual.

33. Moreover, Defendant was repeatedly notified by Plaintiff that she is not the individual it was looking for and that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to him.

### b. Violations of FDCPA § 1692d

34. Pursuant to §1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d.

35. Section 1692d(5) of the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5).

36. Defendant violated §§1692d and d(5) by placing collection text messages to Plaintiff's cellular phone number in an attempt to collect the alleged subject account after being notified to stop sending text messages and that Defendant was contacting the wrong party.

37. Defendant's conduct in systematically placing unwanted text messages to Plaintiff's cellular phone number is inherently harassing and abusive.

38. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Plaintiff informed Defendant that they were contacting the wrong party with means to collect a debt not owed.

### c. Violations of FDCPA §1692e

39. Defendant violated §1692e by using false, deceptive, and misleading representation in connection to collection of an alleged debt. The alleged debt was not owed at the time Defendant demanded payment from Plaintiff as the alleged debt is not owed by Plaintiff.

40. Defendant acted wrongfully when it continued to send text messages to collect on the subject account knowing the Plaintiff was not the individual responsible for any amount owed on alleged debt.

41. Defendant violated §§1692e(2) and e(10) by engaging in deceptive practices when it continued to send collection text messages to Plaintiff in an attempt to collect a debt not legally owed. In order to secure payments of the alleged debt, Defendant willingly ignored the fact that Plaintiff was the incorrect party to whom the alleged debt owed, so Defendant could collect on funds not owed.

42. As pled above, Plaintiff did not owe the alleged debt. Defendant knew or should have known that repercussions for collection on a debt not owed.

### d. Violation of FDCPA §1692f

43. Defendant violated §1692f when it used unfair and unconscionable means to collect the alleged debt. The alleged debt was not owed by Plaintiff at the time Defendant demanded payment, but Defendant bombarded Plaintiff with collection efforts anyway in hopes that Plaintiff would make a payment.

44. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt that was not owed at the time it made demands for payment.

45. Upon information and belief, Defendant has no system in place to identify and cease collection of debts not owed.

46. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

**WHEREFORE**, Plaintiff DORCAS D. CRAWFORD requests that this Honorable Court:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
   c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
   d. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION PRACTICES ACT

47. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

   **a. Violation(s) of Tex. Fin. Code Ann. §392.302**

48. Section 392.302 of the TDCA states that a debt collector may not place phone calls with the intent to "annoy, harass, or threaten a person at the called number." Tex. Fin. Code Ann. §392.302.

49. Moreover, § 392.302(4) prohibits a debt collector from "causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number." Tex. Fin. Code Ann. §392.302(4).

50. Defendant violated §392.302(4) of the TDCA by placing continuous unconsented text messages to Plaintiff with the intent to harass Plaintiff and collect a debt not owed.

51. As pled above, Plaintiff was harmed by Defendant's harassing collection call campaign.

**WHEREFORE**, Plaintiff, DORCAS D. CRAWFORD, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under Tex. Fin. Code Ann. §392.403(a)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. §392.403(a)(2);

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: May 19, 2023

Respectfully Submitted,

/s/ Marwan R. Daher
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com